IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEROME FLETCHER, B13418, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 23-cv-3865-RJD |
| STATE OF ILLINOIS, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Jerome Fletcher, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Big Muddy River Correctional Center (Big Muddy), brought this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff alleged that on June 3, 2023, medications were not distributed, and he missed a dose of the medication he takes for lung cancer. On January 9, 2024, the Court conducted an initial review of Plaintiff's Complaint by the terms of 28 U.S.C. § 1915A, it found the pleading to be deficient, and it invited Plaintiff to submit an amended complaint within 30 days. (Doc. 8).

On February 27, 2024, the Court noted that it had yet to receive any word at all from Plaintiff and it warned him that if he did not file anything within 14 days his case would be dismissed in full. (Docket entry 10). On March 19, 2024, the Court noted that Plaintiff still had not filed anything further in this matter, but in the interim the Court had received another case filed by this same Plaintiff with similar factual allegations—*Fletcher v. Hvarre*, No. 24-cv-709-DWD. (Docket entry 11). The Court afforded Plaintiff a final 14 days, until April 2, 2024, to inform the Court if he wished to proceed in both cases, or if it was an accident to file two nearly identical

cases. The Court advised that if the filing of two cases was accidental, Plaintiff could remedy the error by informing the Court of his mistake, thus avoiding the imposition of two filing fees or the dismissal of this matter.

To date, Plaintiff still has not filed anything in this case or in his other related case, *Fletcher v. Hvarre*, 24-cv-709-DWD. The Court has provided ample opportunity for Plaintiff to express his wishes for this litigation, to no avail. As such, this matter will now be dismissed in full for failure to prosecute. *See* FED. R. CIV. P. 41(b); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (under Rule 41(b) a court has authority to dismiss an action for failure to prosecute if a party does not provide a timely response to a court order).

Plaintiff's original application to proceed *in forma pauperis* (Doc. 2) was denied because Plaintiff's financial records demonstrated an ability to pay. (Doc. 5). Plaintiff filed a second motion to proceed IFP on January 8, 2024. (Doc. 7). The court reviewed the application and noted that it still lacked necessary information to properly calculated a partial filing fee, so it invited Plaintiff to supplement the application. (Docket entry 9). Plaintiff never filed anything further. As such, the Motion to Proceed IFP (Doc. 7) must be denied, and Plaintiff must pay the full filing fee of $405. The fee collection will be coordinated by the Clerk of Court and will occur automatically until the full fee is satisfied.

## DISPOSITION

This case is dismissed in full for failure to prosecute. This dismissal is without prejudice, because it still appears that Plaintiff may have pending duplicative litigation, and as a pro se litigant, the Court does not intend to foreclose Plaintiff from pursuing this matter without any input from him at all about the duplicative nature of the cases. The Clerk of Court is **DIRECTED** to enter judgment and to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: April 23, 2024

<u>**s/ Reona J. Daly**</u>
**Reona J. Daly**
**United States Magistrate Judge**