3865IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEROME FLETCHER, B13418,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 23-cv-3865-RJD |
| | ) |
| **STATE OF ILLINOIS,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

On April 23, 2024, the Court dismissed this case after Plaintiff failed to comply with multiple Court orders to clarify his intentions for this litigation. Plaintiff submitted his Motion for Reconsideration pursuant to Federal Rule 60(b) (Doc. 14) on May 3, 2024. In the Motion, Plaintiff contends that the Court should relieve him of the judgment in this case because he was confused about the Court orders leading to the dismissal of the case. (Doc. 14 at 1). In support of the Motion, he submitted exhibits that pertain to this case, as well as two other civil cases pending during the same timeframe. (Doc. 14 at 5-72).

The Federal Rules of Civil Procedure do not expressly recognize motions to reconsider. Rule 60(b) is available where a movant files within a "reasonable about of time" after final order and judgment. Rule 60(b) "provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1231 (7th Cir. 1983) (internal quotations and citation omitted). Rule 60(b) allows a party to seek relief from an "order" for any of six enumerated reasons, including mistake, inadvertence, newly discovered evidence, fraud, or any other reason that justifies relief. FED. R. CIV. PROC. 60(b). Rule 60(b) does not allow a party to make "general pleas for relief." *United States v. Deutsch*, 981 F.2d

299, 301 (7th Cir. 1992). It is not for the Court to "agoniz[e] over whether a motion asserts a ground for relief included in Rule 60(b); it is the movant's task to make its contentions clear." *Id. at 302*. "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1986)). The Seventh Circuit has held that a pro se inmate's mistake or confusion can provide a basis for reconsideration, but in reaching that holding, they noted that the inmate diligently pursued his case, he lacked legal expertise, he had potentially meritorious claims, and the court delayed rulings and did not make rulings clear to the plaintiff. *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 553-55 (7th Cir. 1996); *see also Foley v. Litscher*, 56 Fed. App'x 731, 733 (7th Cir. 2003) (granting relief under Rule 60(b) where court that dismissed a complaint did not make it clear that it was issuing a final appealable order, and pro se inmate was confused about the order of dismissal). By contrast, an inmate's lack of diligence with a case does not provide a basis for relief based on a mistake. *See e.g., Henthorn v. Fish*, 2024 WL 1702894 at * 2 (S.D. Ind. Apr. 18, 2024) (finding that an inmate's own lack of diligence did not provide a basis for 60(b) relief), *citing McLaughlin v. Jung*, 859 F.2d 1310, 1312 (7th Cir. 1988) (a litigant's own carelessness or lack of diligence does not provide a basis for relief under Rule 60(b)).

Here, Plaintiff clearly indicates that he seeks relief under Rule 60(b) based on his own confusion about directives from the Court. His confusion about suddenly having multiple cases is understandable, but it does not provide a basis for relief. Plaintiff commenced litigation in this District with the filing of the Complaint in the above captioned case on December 7, 2023. (Doc. 1). On January 9, 2024, the Court dismissed his complaint for failure to state a claim, and it

directed him to file an amended pleading within 30 days. (Doc. 8). After not receiving anything within 30 days, on February 27, 2024, the Court issued an Order to Show Cause directing Plaintiff to notify the Court if he wished to proceed within 14 days. (Docket entry 10). Again, the Court received nothing, but on March 19, 2024, it issued a second order explaining that while it was awaiting the amended pleading, Plaintiff apparently filed another case in the Northern District of Illinois. The Northern District transferred that case to this District, and it was opened as a new matter. *Fletcher v. Hvarre, et al.*, Case No. 24-cv-709. The undersigned stated:

> ORDER: On January 9, 2024, the Court dismissed Plaintiff's Complaint (Doc. 1) as insufficient, and it gave him 30 days to file an amended pleading. (Doc. 8). On the same day, Plaintiff was directed to submit additional information in support of his application to proceed in forma pauperis (IFP). (Doc. 9). On February 27, 2024, the Court noted that it had not yet received responses to either order, and it directed Plaintiff to show cause about his failure to participate in this case. To date Plaintiff still has not filed anything in this case. However, on March 12, 2024, another case filed by this Plaintiff about the exact same factual allegations was transferred from the Northern District of Illinois to this District---Fletcher v. Hvarre, et al., Case No. 24-cv-709-DWD. The Complaint in Fletcher v. Hvarre was filed with the Northern District of Illinois on January 24, 2024, which would mean it was within the original 30-day deadline that the undersigned set for an amended complaint. Against this backdrop, it looks like Plaintiff accidentally filed his amended complaint in the wrong judicial district, and that this case (23-cv-3685) and the new case (24-cv-709) are identical. To avoid paying a $405 filing fee in two cases that are the same, Plaintiff may ask the Court to close the new case (24-cv-709), and to re-file that complaint in this case. If Plaintiff voluntarily asks the Court to do this, he will only be required to pay one filing fee. Plaintiff shall have 14 days, until April 2, 2024, to inform the Court of his wishes. If Plaintiff does not file anything, this case will be closed and he will be charged the full $405 fee.

(Docket entry 11). The Court received no response to the above-quoted Order, so on April 23, 2024, it dismissed this case for failure to prosecute. (Docs. 12, 13).

Plaintiff now contends that he was confused by the existence of three cases and different case numbers. (Doc. 14 at 1). He claims that based on orders from the Court he believed that he had done everything necessary to file an amended pleading in this case, and that he was to await an initial review. Plaintiff argues that there was also mention of duplicate litigation, but that he

meant to only initiate one case. He asks for a renewed opportunity at this litigation with the benefit of recruited counsel.

Although Plaintiff's confusion about suddenly having multiple cases is understandable, the Court made multiple attempts to communicate with him before the dismissal of this case, and to explain the situation to him. On March 19, 2024, the Court clearly explained to Plaintiff that he had more than one case pending, and it invited him to clarify what he wanted to do. Plaintiff never responded to that Order. Against this backdrop, the Court does not find that there was a mistake that justifies reconsideration because the outcome for this case was based entirely on Plaintiff's lack of diligence in this case, rather than confusing directions from the court itself. Additionally, although this case was dismissed, the duplicate case *Fletcher v. French,* 24-cv-709-MAB (S.D. Ill. Feb. 24, 2025 Order) proceeded beyond initial review, and the public docket sheet reflects that within the last few weeks a settlement agreement was reached in that case. These developments suggest that Plaintiff was afforded a full and fair opportunity to present any claims that he was attempting to litigate when he opened multiple cases. The Court does not find that Plaintiff's circumstances are extraordinary or exceptional such that relief is warranted. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 554 (7th Cir. 1996) (finding that an inmate's mistake or confusion about what he needed to do to proceed in his case warranted relief given that his case presented an extraordinary circumstance because the Court failed to adequately address his status as a pro se individual and did not provide clear rulings that were easy for the inmate to follow). As such, Plaintiff's Motion for Reconsideration (Doc. 14) is **DENIED**. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**Dated**: March 5, 2025

*s/ Reona J. Daly*

**Reona J. Daly**
**United States Magistrate Judge**